WILLIAM B. PINKHAM, and another, *vs.* FREDERICK H. APPLETON, Assignee of LINCOLN PULP & PAPER COMPANY, Insolvent.

Penobscot. Opinion May 30, 1890.

*Sale. Conditions. Waiver. R. S., c. 41, § 2.*

Where there is a condition precedent attached to a contract of sale and delivery, the property does not vest in the vendee on delivery, until he performs the condition, or the seller waives it.

An absolute and unconditional delivery is regarded as a waiver of the condition.

ON REPORT.

This was an action of trover to determine the question of title and ownership in seventy cords of furnace-wood, forty-eight cords of poplar wood, and four and one-half cords of spruce wood, which the defendant took and sold as the property of the company, of which he is the assignee.

The defendant was found liable, for the poplar and spruce wood, upon the same state of facts existing in the preceding case, *Ballantyne* v. *Appleton.*

It appeared that the plaintiffs, June 26, 1886, made another contract with the company to furnish and deliver on its lands, four to five hundred cords of furnace wood. The contract provided that the wood was " to be good quality, mostly hard wood, four hundred to five hundred cords, to be cut four feet long from point to scarf, and generally cleft; to be sound and merchantable ; to contain no logs unsplit larger than six inches in diameter, and no sticks larger than six by seven inches, no small wood less than three inches in diameter, when peeled. All to be delivered by first day of May next, and when so delivered to be well piled. Said wood shall be surveyed by some competent surveyor, when so delivered, to be appointed and paid by said company. And it is further agreed that a deduction shall be made in the survey for wood cut short, and for decayed, crooked and small wood. And the party of the first part agrees to pay therefor at the rate of two 25-100 dollars per cord when said wood shall be delivered and surveyed as aforesaid ; surveys to be made on first of each month, when sufficient amount has been hauled to warrant it. "

The plaintiff, Pinkham, testified that he ceased hauling when the company stopped payment, and before the appointment of the assignee he permitted a quantity of the furnace-wood,—some twenty-six cords,—to be used by one of the trustees of the bondholders who had taken possession of the mill property. He also testified that he let two or three teams drive up and throw off wood at the furnace, to accommodate the company, as they were then burning green wood. A clerk of the company, Richardson, testified that he surveyed the wood and that the plaintiffs were

credited on the company's books with seventy-eight and five-eighths cords,—sixty-one cords having been used.

The defendant having agreed to account to the plaintiffs for whatever the trustees had paid him, the plaintiffs reduced their claim to seventeen and five-eighths cords.

The plaintiffs contended that Richardson was not a competent surveyor, it appearing that he had not been chosen by the town and sworn.

When the company suspended payment, the plaintiffs claimed the wood and gave notice to the messenger, in insolvency, forbidding him to scale or meddle with it.

*Charles Hamlin and Jasper Hutchings, J. F. Robinson,* with them for plaintiffs.

Plaintiffs' claim to the furnace-wood stands upon two grounds; first, the wood was not surveyed, and inspected as required by the contract; second, if Richardson undertook to survey it, he was not a "competent" surveyor; his acts being *quoad hoc* a nullity. *Richmond* v. *Foss,* 77 Maine, 590; *Sands* v. *Sands,* 74 Maine, 240. Survey means more than mere measuring. *Berry* v. *Reed,* 53 Maine, 487; R. S., c. 41, § 2.

*F. H. Appleton and H. R. Chaplin,* for defendant.

Richardson in his testimony says, that the furnace-wood delivered was surveyed and entered on the books of the company, and that sixty-one cords out of seventy-eight and five-eighths cords then delivered was actually used and consumed by the company. The contract calls for four hundred to five hundred cords of furnace-wood. We find the company actually using the furnace-wood, to the knowledge of the seller, when less than one-fourth of it had been delivered; and we point to this as a circumstance of weight in support of our position that the wood, when landed on the company's land in pursuance of the terms of the contract, became the property of the company when so landed; and that, at that time, the property and risk passed to the company.

And Ballantyne admits the same to be true as to some furnace-wood.

The contracts make no distinction between poplar and furnace-

wood as to when the title should pass. The acts of the parties show that it was the intention that title to the furnace-wood should pass when delivered on company's land, and the intention is the same as to both kinds of wood.

If our statute relative to surveyors of wood has any bearing on this case, the purchaser, as provided by the statute, agreed to a different arrangement. R. S., c. 41, § 2.

LIBBEY, J. The plaintiff's claim for the poplar and spruce wood falls within the rule declared in *Ballantyne* v. *Appleton, supra.*

But we think the dry furnace-wood for which the plaintiffs claim does not. It appears that this wood was hauled and delivered near the furnace of the company, for its accommodation, was surveyed by Richardson, appointed by the company, and sixty-one cords of it used by the company from time to time before its insolvency. True, Richardson was not a duly appointed and sworn surveyor; still we think his survey was with the knowledge of the plaintiffs, and that the wood was delivered by them to the company to be used by it as it had occasion to. And as to this wood, we think the title passed to the company; and the plaintiffs cannot recover for it of the defendant. *Mixer* v. *Cook,* 31 Maine, 340.

*Judgment for the plaintiffs for $198, with interest from the 12th day of May 1887.*

PETERS, C. J., WALTON, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.